**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3978
_____

IN RE: AJAY KAJLA, d/b/a AJSUN INC., Debtor

AJAY KAJLA,
Appellant
v.

WELLS FARGO BANK N.A.; PHELAN HALLINAN DIAMOND & JONES PC;
U.S. BANK N.A., as Trustee for Credit Suisse First Boston MBS ARMT 2005-8;
U.S. BANK N.A. as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable
Rate Mortgage Backed Pass Through Certificates, Series 2005-8
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-16814)
District Judge: Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2020
Before: RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 2, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ajay Kajla, proceeding pro se, appeals from a final order of the United States District Court for the District of New Jersey. That order affirmed an order of the United States Bankruptcy Court for the District of New Jersey, which dismissed his adversary complaint against Defendant Phelan Hallinan Diamond & Jones, PC ("Phelan"). Because no substantial question is raised by the appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

I.

Kajla's adversary complaint, which he filed pro se in his Chapter 7 bankruptcy proceedings in July 2018, stems from the Defendants' involvement in a successful foreclosure action against him. The adversary complaint repeats, nearly verbatim, all the claims raised a year earlier in a counseled complaint against the same parties, filed in the District Court. See Complaint, Dkt. #1, D.N.J. Civ. No. 3-17-cv-08953. That counseled complaint contained six counts, including claims of fraud and a RICO count. See Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Bos. MBS ARMT 2005-8, 806 F. App'x 101, 103 (3d Cir. 2020) (not precedential).[1] The District Court dismissed that action against Phelan for failure to prosecute and dismissed the counseled complaint as to

---

[1] The claims were: "Regulation Z (Count One), a violation of the Fair Debt Collection Practices Act (Count Two), a violation of the New Jersey Consumer Fraud Act and federal False Claims Act (Count Three), violations of the Racketeer Influenced and Corrupt Organizations Act (Count Four), fraud in violation of four different federal criminal statutes (Count Five), and tampering with public records under New Jersey law (Count Six)." Id.

2

the remaining Defendants[2] based on the Rooker-Feldman[3] doctrine. Id. We affirmed on an alternative basis, determining that New Jersey's "entire controversy doctrine" barred Kajla from raising the claims in Counts Two through Five of his complaint, and that he waived any challenge to the dismissal of Count One by failing to challenge that dismissal in his appeal.[4] Id.

In his adversary complaint at issue, Kajla added ten new counts ("New Counts")[5] to the six counts repeated from the counseled action. See Kajla v. U.S. Bank, No. 18-1384 (Bankr. D.N.J.) ("A.K. Bankr. Dkt.") #1.[6] The Bankruptcy Court, "in a detailed decision read into the record on November 20, 2018," see Brief of Wells Fargo and U.S.

---

[2] Those Defendants were Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank N.A., as Trustee for Credit Suisse First Boston MBS ARMT 2005-8, and U.S. Bank N.A. as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-8 (collectively, "U.S. Bank").

[3] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[4] Because Count Six was raised only against Phelan, it was not at issue in the appeal. Id. at 103 n.3.

[5] The New Counts, which are raised against all Defendants (except for Count Fifteen) are: Count Three – Mortgage Service Fraud; Count Five – Theft, Conversion, Fraud, Duress, and Undue Influence; Count Six – Violations of the Truth-in-Lending Act; Count Seven – Violation of the New Jersey Consumer Fraud Act; Count Eight – Breach of Contract; Count Nine – Unjust Enrichment; Count Ten – Malicious Use of Process; Count Eleven – Fraudulently Assigning a Loan to a Closed Trust and Violations of Internal Revenue Code; Count Twelve – Violations of SEC Regulation AB and related Rules; Count Thirteen – Violation of Regulation X and The Real Estate Settlement Procedures Act; and Count Fifteen – Fraud under N.J.S.A. 2C:28-7(a) against Phelan.

[6] We will use the initials "A.K." to differentiate this Bankruptcy Court docket from one that we discuss separately in Kajla's wife's appeal at C.A. No. 20-1120.

Bank, D.N.J. Civil Action No. 3-18-cv-16818, Dkt. #17 at 8, dismissed the complaint with prejudice and determined that amendment would be futile. The Bankruptcy Court entered two separate orders. See A.K. Bankr. Dkt. #32, (granting motion to dismiss filed by Defendant, Phelan); A.K. Bankr. Dkt. #33 (granting motion to dismiss filed by Wells Fargo and U.S. Bank).

## II.

Kajla's appeal of the order dismissing Phelan was docketed in the District Court at Civil Action No. 3-18-cv-16814.[7] Kajla raised four claims, mainly challenging the procedure in the Bankruptcy Court. He argued that the Bankruptcy Court erred by not issuing a written opinion, by exhibiting "clear bias favoring [] Appellees," by granting the motion to dismiss "without looking at the facts," and by failing to "respect the rights of a [pro se] litigant." District Court Memorandum Opinion, D.N.J. Civil Action No. 3-18-cv-16818, Dkt. #19 at 3.[8] The District Court found no error in the Bankruptcy Court's failure to issue a written decision, noting that the Bankruptcy Court had orally provided detailed reasons for the decision. The District Court also found no support for Kajla's claims that the Bankruptcy Court exhibited clear bias, that it failed to consider the facts,

---

[7] His appeal of the order dismissing the remaining parties was docketed at Civil Action and 3-18-cv-16818. We discuss his appeal from the District Court order in that proceeding in a separate opinion. See C.A. No. 19-3979.

[8] We refer to this Memorandum Opinion as the District Court adopted its rationale in the order at issue here—the order affirming the Bankruptcy Court's order granting Phelan's motion to dismiss. District Court Order, D.N.J. Civil Action No. 3-18-cv-16814, Dkt. #20 at 2.

or that it failed to respect his rights. The District Court also determined that the Bankruptcy Court properly dismissed the adversary complaint, concluding that it was barred by the Rooker-Feldman doctrine.

Kajla timely appealed. The Clerk granted his motion to proceed in forma pauperis and informed him that we would consider whether the appeal should be dismissed under 28 U.S.C. § 1915(e), and whether summary action was appropriate. Kajla was invited to provide argument in support of the appeal. He did not do so in this appeal, but he did provide argument in support of the appeal docketed at C.A. No. 19-3979. We have considered that argument in this appeal as well.

### III.

The District Court had jurisdiction over this case under 28 U.S.C. § 158(a)(1), and we now have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. "Because the District Court acted as an appellate court, we review its determinations de novo." See In re Denby-Peterson, 941 F.3d 115, 122 n.21 (3d Cir. 2019). "Our review of the Bankruptcy Court's order[] is the same as that exercised by the District Court." See In re Exide Techs., 544 F.3d 196, 205 (3d Cir. 2008). We may affirm the District Court's judgment on any basis supported by the record. See Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

We discern no error in the District Court's determination that Kajla failed to show that he was prejudiced in any way by the Bankruptcy Court's failure to produce a written opinion. We also agree that Kajla failed to establish that the Bankruptcy Court exhibited clear bias, that it failed to consider the facts, or that it failed to respect his rights.

As for the merits, we conclude that the claims in Kajla's adversary complaint are barred by New Jersey's entire controversy doctrine. First, we have already determined in C.A. No. 18-1718 that certain Counts[9] (repeated in the adversary complaint here) were barred by the doctrine. Although Phelan was not a party to that appeal, that does not undermine or otherwise affect our conclusion in that appeal that Kajla could not "withhold part of [the] controversy for later litigation." Kajla, 806 F. App'x at 104.

We similarly conclude that the New Counts of Kajla's adversary complaint challenge Phelan's "allegedly fraudulent and illegal conduct in effectuating the foreclosure of Kajla's mortgage," and that those claims arise "directly out of the mortgage that is the basis of the foreclosure action." See id. at 105. As the New Counts are thus "germane" to the foreclosure action, they are barred from later litigation by the entire controversy doctrine. See id.

That leaves Count One – Fraud Stemming from Violations of Regulation Z, which is repeated verbatim from the counseled complaint. As noted, we determined in the counseled action that Kajla had waived any argument that the District Court erred in dismissing that Count. Kajla, 806 F. App'x at 106. Here, too, Kajla did not cogently argue in the District Court that the Bankruptcy Court erred in dismissing his complaint as to Count One. He has thus waived any argument about the merits of that claim. See In re Tribune Media Co., 902 F.3d 384, 397 (3d Cir. 2018) (stating that a person appealing a

---

[9] We determined that Counts Two through Five of Kajla's counseled complaint were barred by the doctrine. See Kajla, 806 F. App'x at 105. Those Counts correspond to Counts Two, Four, Sixteen, and Fourteen, respectively, of Kajla's adversary complaint.

bankruptcy court's adverse order waives appellate arguments in our Court by failing to raise those arguments in his appeal to the District Court).

IV.

For all these reasons, we will affirm the District Court's judgment.